UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL FOUNTAIN, | ) | CV F- 05-01048 REC DLB P |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | |
| BARNETT, et.al., | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's complaint filed August 16, 2005. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.


Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names Barnett and T. Griffith, medical staff at Pleasant Valley State Prison as defendants in this action. Plaintiff alleges that he has submitted health care requests that have been rejected by the defendants. He states that on January 10, 2005, he submitted an "Emergency Appeal" stating that he was in severe pain but he was not allowed to see a doctor. He states that defendant Barnett refused to acknowledge the seriousness of plaintiff's medical needs.

Plaintiff's allegations are insufficient to state a cognizable claim against the named defendants. The court finds that plaintiff's complaint so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint to explain the claim in more detail. In doing so, plaintiff should keep in mind the following legal standards:

**Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

1  inmate health or safety." Id.

2  　　　In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's
3  civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere
4  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton
5  v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A]
6  complaint that a physician has been negligent in diagnosing or treating a medical condition does not
7  state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does
8  not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,
9  429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);
10 McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,
11 Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to
12 establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d
13 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not
14 support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

15 　　　Deliberate indifference can be manifested by prison guards intentionally denying or delaying
16 access to medical care or intentionally interfering with the treatment once prescribed. Estelle v.
17 Gamble, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical
18 treatment, the prisoner must allege that the delay led to further injury. McGuckin v. Smith, 974 F.2d
19 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133,
20 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
21 1985).

22 　　　Although neither a physician's negligence nor a prisoner's disagreement with a particular
23 course of treatment states a claim for deliberate indifference, a prison medical staff's acts or
24 omissions will constitute deliberate indifference if staff members knew of and disregarded an
25 excessive risk to an inmate's health. Farmer v. Brennan, 511 U.S. at 837. Prison officials are
26 deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment
27 once prescribed." Estelle v. Gamble, 429 U.S. at 104-05. The Ninth Circuit has found deliberate

28

indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992)(reversing summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989)(per curium)(reversing summary judgment where medical staff knew that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence of complications to which they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th Cir. 1970)(finding cognizable claim for deliberate indifference where warden refused to authorize prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)(where surgery recommended by prisoner's prior physician was severely delayed, court was unable hold doctors liable because prison administrators, not the doctors, were responsible for scheduling treatment).

The Courts of other federal Circuits have also found deliberate indifference where prison officials ignore a previous physician's treatment plan. White v. Napoleon, 897 F.2d 103 (3rd Cir. 1990)(finding cognizable claim for deliberate indifference where prison officials ignored private hospital's treatment orders and refused inmate's access to prescribed medication); Gill v. Mooney, 824 F.2d 192 (2nd Cir. 1987)(finding cognizable claim where prison officials refused to permit plaintiff to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055 (7th Cir. 1987)(finding cognizable claim where prisoner alleged that prison officials made him travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders); Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with approval by Estelle v. Gamble, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976)(recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a

prisoner's previous physician).

**Leave to Amend**

In summary, the Court finds it necessary to dismiss the complaint in its entirety. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's complaint is dismissed;

    2. The Clerk's Office shall send plaintiff a complaint form; and

    3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with

1  this order will result in dismissal of this action for failure to state a claim and failure to comply with
2  the court's order.
3      IT IS SO ORDERED.
4      Dated:   June 9, 2006                    /s/ Dennis L. Beck
   3b142a                                UNITED STATES MAGISTRATE JUDGE